IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

*In the Matter of the Arbitration Between:*

| | |
|---|---|
| **GOLDMAN SACHS BANK USA,** | § § § |
| *Petitioner*, | § § |
| v. | § § |
| **ROBERT W. CARTER** and **TODD W. CARTER,** | § § § § |
| *Respondents*. | § |

Case No. 3:24-CV-2021

**PETITIONER GOLDMAN SACHS BANK USA'S APPLICATION FOR AN ORDER CONFIRMING AN ARBITRATION AWARD AND SUPPORTING BRIEF**

Petitioner Goldman Sachs Bank USA ("**Goldman Sachs Bank**") files this Application for an Order Confirming an Arbitration Award ("**Application**") against Respondents Robert W. Carter and Todd W. Carter ("**Borrowers**," or "**Respondents**"). For the reasons expressed below, Petitioner respectfully moves the Court to enter an order under 9 U.S.C. § 9 confirming the arbitration award, and subsequently enter a judgment under 9 U.S.C. § 13 reflecting the award.

**I.
NATURE OF THE PROCEEDINGS**

1.  This is a proceeding under the Federal Arbitration Act, 9 U.S.C. §§ 1–16, to confirm an arbitration award dated August 29, 2023 (the "**Final Award**")[1] by a panel of three

---

[1] Under 9 U.S.C. § 13(b), a true and correct copy of the Final Award is included in the contemporaneously filed Appendix ("**App.**") as Exhibit A-6. *See* Declaration of Jordan W. Leu, dated Aug. 7, 2023, included in the Appendix as Exhibit A, ¶ 8 [App. p. 5]. The Final Award was transmitted to the parties by email on August 30, 2023. *See* Ex. A, Leu Declaration at ¶ 8 [App. p. 5].

arbitrators (the "**Tribunal**") operating under the Commercial Arbitration Rules of the American Arbitration Association ("**AAA**").

2. In the award, the Tribunal required Respondents to pay Goldman Sachs Bank no less than $20,299,529.90 in outstanding principal, unpaid interest, attorneys' fees, costs, and expenses, with contractual interest continuing to accrue through the date of payment. Ex. A-6 at pp. 47–48 [App. pp. 283–84]. The Tribunal also directed that Respondents must pay $209,255.72 in arbitrator compensation and AAA expenses. *Id.*

3. Goldman Sachs Bank now brings this Application to confirm the award.

## III.
## PARTIES, JURISDICTION, AND VENUE

4. Petitioner Goldman Sachs Bank is New York state-chartered bank with its principal place of business in New York City, New York. Accordingly, Goldman Sachs Bank is a citizen of New York. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"); *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 306 (2006) (noting that "State banks, usually chartered as corporate bodies by a particular State, ordinarily fit comfortably within [§ 1332(c)(1)'s] prescription"); *Dorothy K. Graves Family Tr. v. Litton Loan Servicing LP*, 2011 WL 830492 (W.D. Tenn. Mar. 3, 2011) (finding that Goldman Sachs Bank USA is "a New York state chartered bank with its principal place of business in New York").

5. Respondent Robert W. Carter, an individual, is and was at all relevant times a resident and citizen of Texas. He may be served with process at 10617 Bridge Hollow Ct., Dallas, TX 75229; through his attorneys: (1) Thomas C. Moore at 63 White Plains Road,

Bronxville, NY 10708, and (2) Stephen Campbell at 8717 Middle Downs Dr., Dallas, TX 75243; or wherever else he may be found or served consistent with applicable law.

6. Respondent Todd W. Carter, an individual, is and was at all relevant times a resident and citizen of Texas. He may be served with process at 6516 Del Norte, Dallas, TX 75225; through his attorneys: (1) Thomas C. Moore at 63 White Plains Road, Bronxville, NY 10708, and (2) Stephen Campbell at 8717 Middle Downs Dr., Dallas, TX 75243; or wherever else he may be found or served consistent with applicable law.

7. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because complete diversity exists between the parties and the amount in controversy exceeds $75,000. The Court also has subject matter jurisdiction under 9 U.S.C. § 9 because the arbitration award was made in the Northern District of Texas.

8. This Court has personal jurisdiction over Respondents, who live in Texas. Additionally, many of the events giving rise to this Application occurred in Texas.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and (2) because the Northern District of Texas is the district in which at least one Respondent resides and is also the district in which a substantial part of the events or omissions giving rise to the claims herein occurred. Venue is also proper in this judicial district under 9 U.S.C. § 9 because the arbitration award was made in the Northern District of Texas.

## IV.
## BACKGROUND FACTS

### A. Respondents Defaulted Under Loan Documents with Arbitration Provisions

10. The arbitration underlying this Application arose out of the breach of certain loan documents between Goldman Sachs Bank and Respondents (collectively, as amended, the "**Loan Documents**"). The Loan Documents include, among others: (1) a loan agreement dated

**FOR AN ORDER CONFIRMING AN ARBITRATION AWARD AND SUPPORTING BRIEF**

November 13, 2014 with Goldman Sachs Bank as lender and Robert W. Carter as borrower (the "**RWC Loan Agreement**"); and (2) a loan agreement dated November 13, 2014 with Goldman Sachs Bank as lender and Todd W. Carter as borrower (the "**TWC Loan Agreement**") (collectively, the "**Loan Agreements**"). The Loan Agreements were admitted as Joint Exhibits J-1 and J-2 in the arbitration proceeding.[2]

11. Respondent Robert Carter guaranteed Respondent Todd Carter's obligations under the Loan Documents in a Guaranty and Joinder Agreement dated as of July 7, 2017 (the "**Guaranty Agreement**"). The Guaranty Agreement was admitted as Joint Exhibit J-12 in the arbitration proceeding.[3]

12. The Loan Agreements contain agreements to "settle by arbitration any controversy between the loan parties" arising out of or related to such agreements. *See* Exs. A-1 & A.2, § 7.9(a) [App. pp. 38, 135] (typeface changed). The Loan Agreements further provide that "the arbitration will be conducted in accordance with the rules then in effect of the American Arbitration Association." *Id.* (typeface changed)  And the Loan Agreements state that that "the award of the Arbitrator or a majority of the Arbitrators, as the case may be, will be final, and a judgment upon the award rendered may be entered in any court having jurisdiction." *See id*. (typeface changed).

13. As a result of a "Trigger Event" under the Loan Agreements and the Respondents' failure to make required corrective payments, on or about May 31, 2017 Goldman

---

[2] Under 9 U.S.C. § 13(a), true and correct copies of the Loan Documents containing the parties' agreements to arbitrate are included in the Appendix as Exhibits A-1 and A-2. *See* Ex. A, Leu Declaration ¶¶ 3–4 [App. pp. 4–5]. The relevant arbitration clauses are located at Section 7.9 of the Loan Agreements. *See* Exs. A-1 & A-2, § 7.9 [App. pp. 38–40, 135–36].

[3] Under 9 U.S.C. § 13(a), a true and correct copy of this exhibit, which contains Robert W. Carter's agreement to arbitrate claims under the Guaranty Agreement, is included in the Appendix as Exhibit A-3. *See* Ex. A, Leu Declaration ¶ 5 [App. p. 5]. Section 18 of the Guaranty Agreement incorporates by reference the arbitration clause of the TWC Loan Agreement. *See* Ex. A-3, § 18 [App. p. 206].

Sachs Bank sent Notices of Demand Date, Default Interest and Reservation of Rights (the "**Demand Notices**"), whereby it declared all Obligations under the Loan Agreements immediately due and payable in full.  Ex. A-6 ¶¶ 56–59 [App. pp. 254–55].  Respondents repeatedly thereafter acknowledged, confirmed, promised, and agreed in writing that such amounts were due and owing, and the parties entered multiple forbearance agreements and pre-negotiation agreements.  *Id.* ¶¶ 60–63 [App. pp. 255–57].

### B. The Arbitration Proceedings

14. Based on Respondents' breaches of the Loan Documents and failures to pay, on October 26, 2021, Goldman Sachs Bank filed a Demand for Arbitration against Respondents with the AAA.  *Id.* ¶ 8 [App. p. 241].

15. As per the arbitration clause in the Loan Documents, the arbitration Tribunal consisted of three arbitrators.  *See* Exs. A-1 & A.2, § 7.9(a) [App. pp. 38, 135].  The arbitrators were Mark Morril, Steven Skulnik, and Edna Sussman.  Arbitrator Morril served as the Tribunal's chairperson.  The AAA informed the parties of the arbitrators' appointments on April 26, 2022.[4]

16. On June 2, 2022, the Tribunal issued Procedural Order No. 3.[5]  Counsel for Goldman Sachs Bank and counsel for Respondents each signed the order, thereby consenting to it on behalf of the parties.  Paragraph 1 of Procedural Order No. 3 provides, in relevant part:

> Each Party accepts the appointment of the members of the Tribunal and waives any objection to the jurisdiction of the Tribunal over the Parties and all of the claims asserted in the Demand for Arbitration and Statement of Claim.  It is noted that by Procedural

---

[4] Under 9 U.S.C. § 13(a), a true and correct copy of this AAA notice is included in the Appendix as Exhibit A-4.  *See* Ex. A, Leu Declaration ¶ 6 [App. p. 5].

[5] A true and correct copy of Procedural Order No. 3 is included in the Appendix as Exhibit A-5.  *See* Ex. A, Leu Declaration ¶ 7 [App. p. 5].

> Order No. 2 the Tribunal determined that Dallas, Texas will be the locale for the arbitration.

*See* Ex. A-5, ¶ 1 [App. p. 213].

17. Annex 1 to Procedural Order No. 3 sets out a Procedural Timetable for the arbitration, under which the merits hearing was scheduled for January 5 and 6, 2023. *See id.* at Annex 1 [App. pp. 232–235].

18. As scheduled, the Tribunal held the merits hearing in Dallas, Texas on Goldman Sachs Bank's claims on January 5 through 6, 2023. *See* Ex. A-6 ¶ 23 [App. p. 246]. The hearing record remained open for a number of months after those dates in order to accommodate the written testimony of Todd Carter, and to allow the parties to make further submissions. *See id.* ¶¶ 24–34 [App. pp. 246–248]. The Tribunal declared the hearing closed upon issuance of the Final Award. *See id.* ¶ 34 [App. p. 248].

### C. The Arbitration Panel Entered an Award in Favor of Goldman Sachs Bank.

19. On August 29, 2023, the Tribunal, after having considered the filings and evidence presented by Goldman Sachs Bank and Respondents, made a final award in writing and, after duly acknowledging it, delivered it to Goldman Sachs Bank and Respondents. Ex. A-6 at pp. 47–49 [App. pp. 283–85].

20. The Final Award resolves all claims presented to the Tribunal, declaring that Respondents have "breached the contract embodied in the Loan Agreements." *Id.* ¶ 83 [App. p. 263].[6] Under the Final Award, Goldman Sachs Bank is entitled to recover from Robert W. Carter no less than $14,791,452.50 in outstanding principal and accrued interest, with contractual interest continuing to accrue under the Loan Documents "through the date of payment." The

---

[6] *See also* Ex. A-6 at p. 48 [App. p. 284] ("This Final Award resolves all claims presented to the Tribunal.").

Final Award also entitles Goldman Sachs Bank to recover from Todd W. Carter no less than $4,437,566.05 in outstanding principal and accrued interest, with contractual interest continuing to accrue under the Loan Documents "through the date of payment." Additionally, the Final Award makes Respondents jointly and severally liable to Goldman Sachs Bank for $1,070,511.35 in attorneys' fees, costs, and expenses incurred to enforce Respondents' obligations. *Id.* at pp. 47–48 [App. pp. 283–84].

21. Additionally, the Final Award declares that "[t]he administration fees and expenses of the AAA totaling $25,479.14, the compensation and expenses of the arbitrators, totaling $183,776.58 shall be paid by Respondents." *Id.* at p. 48 [App. p. 284].

22. The Final Award is final and enforceable, and the Respondents have no grounds for refusing to comply with the Final Award.

23. After the Final Award was rendered, on December 7, 2023, the Respondents paid Goldman Sachs Bank $2,000,000.00 of the total amount awarded.[7]

## V.
## REQUEST FOR CONFIRMATION OF THE FINAL AWARD

24. This confirmation proceeding is governed by the Federal Arbitration Act ("**FAA**"). For more than 30 years, the United States Supreme Court has recognized that the FAA embodies "a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). The confirmation of an arbitration award is a routine matter. Section 9 of the FAA provides that, when a petition seeking an order confirming an

---

[7] Although it is undisputed that Respondents have paid $2,000,000.00 toward the *balance owed* under the Final Award, this Application, consistent with authorities holding that 9 U.S.C. § 11 provides the exclusive grounds for modifying a final arbitration award, nevertheless seeks confirmation of the Final Award as-written. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008) (holding that the statutory grounds provided in sections 10 and 11 of the FAA for vacating, modifying, or correcting an arbitration award are exclusive and cannot be supplemented by contract).

arbitration award is made within one year after the award is issued, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9.

25. Likewise, the Fifth Circuit has held that review of an arbitration award is "very deferential" such that the award must be sustained "even if [the Court] disagree[s] with the arbitrator's interpretation of the underlying contract as long as the arbitrator's decision draws its essence from the contract." *Kemper Corp. Servs., Inc. v. Comput. Scis. Corp.*, 946 F.3d 817, 821–22 (5th Cir. 2020). This requires only that "the arbitrator's decision [be] rationally inferable from the letter or purpose of the underlying agreement." *Timegate Studios, Inc. v. Southpeak Interactive, L.L.C.*, 713 F.3d 797, 802 (5th Cir. 2013).

26. Further, the reviewing court "do[es] not have authority to conduct a review of an arbitrator's decision on the merits," *Householder Grp. v. Caughran*, 354 Fed. App'x 848, 851 (5th Cir. 2009) (per curiam), and therefore "considers only the arbitrators' resulting decision and 'does not review the language used by, or the reasoning of, the arbitrators in determining whether their award draws its essence from the contract,'" *Soaring Wind Energy, LLC v. CATIC USA, Inc.*, 333 F. Supp. 3d 642, 651–52 (N.D. Tex. 2018) (Kinkeade, J.) (quoting *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1325 (5th Cir. 1994)). "The court must resolve any doubts or uncertainties in favor of upholding the award." *Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F. Supp. 2d 545, 549 (N.D. Tex. 2006) (Fitzwater, J.).

27. Here, the parties entered into a binding and enforceable arbitration agreement, and a duly appointed Tribunal of arbitrators appropriately entered an award. Goldman Sachs Bank has filed this petition to confirm the Final Award within a year of when the Final Award was

issued. No Court has issued an order vacating or modifying the Final Award, and no grounds exist to do so under Section 10 and 11 of the FAA.

28. Accordingly, the Court should grant this Application, enter an order confirming the Final Award pursuant to 9 U.S.C. § 9, and enter a judgment on the Final Award pursuant to 9 U.S.C. § 13.

## VI.
## PRAYER

Under 9 U.S.C. §§ 6, 9, 13 and for the reasons outlined above, Petitioner moves:

29. That the Court grant this Application;

30. That an Order of this Court, in substantially the form attached to this Application, be made confirming the Final Award;

31. That judgment, in substantially the form attached to this Application, be entered in conformity with the Final Award; and

32. That Petitioner be awarded such other and further relief as the Court deems just and proper.

**PETITIONER GOLDMAN SACHS BANK USA'S APPLICATION**  Page 9
**FOR AN ORDER CONFIRMING AN ARBITRATION AWARD AND SUPPORTING BRIEF**

Dated:   August 8, 2024

Respectfully submitted,

*/s/ Jordan W. Leu*
**VINSON & ELKINS LLP**

Matthew W. Moran (State Bar No. 24002642)
Jordan W. Leu  (State Bar No. 24070139)
2001 Ross Avenue, Suite 3900
Dallas, Texas  75201-2975
Telephone: (214) 220-7700
Facsimile: (214) 999-7716
mmoran@velaw.com
jleu@velaw.com

*Attorneys for Petitioner Goldman Sachs Bank USA*

## CERTIFICATE OF SERVICE

I certify that on August 8, 2024, I sent a true and correct copy of the foregoing Application for an Order Confirming an Arbitration Award by email and messenger to the Respondents' counsel as follows:

Thomas C. Moore
**LAW OFFICES OF THOMAS C MOORE PC**
63 White Plains Road
Bronxville, NY 10708
Telephone: (914) 255-0108
Email: thomascmoorelaw@gmail.com

*Arbitration Counsel for Respondents*

Stephen Campbell
**ATTORNEY**
8717 Middle Downs Dr.
Dallas, TX 75243
Telephone: (214) 766-2879
Email: stevedc124@gmail.com

*Counsel for Respondents*

> */s/ Jordan W. Leu*
> Jordan W. Leu